UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22463

ASHLEY HODSON,

      Plaintiff,

v.

MSC CRUISES, S.A.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, ASHLEY HODSON ("Plaintiff"), through undersigned counsel, sues Defendant,

MSC CRUISES, S.A. ("Defendant"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and

attorney's fees.

2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as

the causes of action asserted are maritime torts.

3.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between

citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4.    Suit is filed in Federal Court because of the federal forum selection clause in the

Passenger Contract Ticket issued by the Defendant.

5.    Plaintiff is *sui juris* and is a resident and citizen of Florida.

6.    Defendant is a foreign corporation who is authorized to conduct and who does

conduct business in the State of Florida, who at all times material hereto was and is doing business

in Broward County, Florida, and who maintains its corporate headquarters and principal place of business in Broward County, Florida, and Defendant is a citizen of the State of Florida.

7.    Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

8.    Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.    Had an office or agency in this state and/or county; and/or

   c.    Engaged in substantial activity within this state; and/or

   d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10.    At all times material hereto, Defendant, MSC CRUISES, S.A., owned, operated, managed, maintained, and/or controlled the vessel, the *MSC Seaside.*

11.    On or about September 1, 2019 Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the *MSC Seaside.*

12.    On or about September 1, 2019, as Plaintiff descended the stairs from deck 17 to deck 16 of the *MSC Seaside* in a normal and proper manner, she slipped and/or tripped on a wet, slippery, water lodged, wet, deformed, warped, uneven, distorted, bunched up, and/or separated surface that was not objectively reasonably perceivable. There were people with wet cloths/swimsuits using

the subject stairs, and these people were not required to dry before entering the interior of the ship and/or using the stairs, and there were no adequate measures and/or adequate devices for these people to dry before entering the interior of the ship and/or using the stairs. The area was also noisy from a nearby arcade, and the area was unreasonably crowded. Moreover, the lighting was inadequate. Furthermore, the handrail was inadequate to prevent or mitigate Plaintiff's fall. As a result of the fall, the Plaintiff suffered traumatic injuries that included, but are not limited to, multiple tibia, ankle, and other fractures. However, the ship's medical center failed to diagnose all of Plaintiff's injuries, its personnel wrapped Plaintiff's leg incorrectly, its ship doctor failed to remedy this incorrect wrapping, it did not take adequate measures to prevent water from getting into Plaintiff's splint/wrapping, it failed to give adequate pain medicine, it failed to properly administer and/or continue to administer medicine and/or treatment for blood clots, it failed to provide Plaintiff with an adequate wheelchair to use initially when it treated plaintiff, and it failed to provide adequate care for Plaintiff's injuries and failed to provide adequate follow up care, causing further injuries and/or worsening/prolonging Plaintiff's injuries. Plaintiff was also not initially provided with an adequate handicap room, and Plaintiff had to endure additional pain, suffering, and other complications from having to maneuver in a non-handicap room.

## COUNT I –
## NEGLIGENCE

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 12 and further alleges:

13.   Defendant, MSC CRUISES, S.A., owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

14.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve or repair dangerous, hazardous, and/or risk- creating conditions

that passengers, including the Plaintiff, will likely encounter.

15.   This duty also includes, but is not limited to, the duty to maintain Defendant's ship in a reasonably safe condition for the use and enjoyment of its passengers

16.   This duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

17.   At all times material hereto, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a.   Failing to keep and maintain the stairways, and the adjacent areas, including the handrails, in a reasonably safe condition, so as to adequately prevent and/or mitigate hazards to its passengers; and/or

   b.   Failing to inspect, clean, keep and maintain the subject area in a reasonably safe condition; and/or;

   c.   Failing to provide adequate lighting in the subject area to enable passengers to notice any hazards;

   d.   Failing to take proper precautions for the safety of the passengers entering the subject area; and/or

   e.   Failing to warn Plaintiff of the risk-creating and/or hazardous conditions of its stairways, and the adjacent areas; and/or

   f.   Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its stairways, and the adjacent areas, including the handrails; and/or

g.  Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

h.  Negligently designing and/or approving/accepting/failing to object to the design of the MSC *Seaside*'s stairways and the adjacent areas (this includes, but is not limited to, the handrails and metal strips on the subject stairways); and/or

i.  Allowing and/or failing to prevent people with wet swimsuits/cloths to use the subject stairs, and/or failing to take adequate measures and/or failing to have adequate devices and/or measures to dry them before entering the interior of the ship and/or using the stairs; and/or

j.  Failing to adequately train its crew to keep its stairways, and the adjacent areas clean and free of hazards; and/or

k.  Failing to employ sufficient crewmembers or adequately trained crewmembers to properly supervise, inspect, repair, clean, and maintain the area of the ship where Plaintiff's incident occurred, and/or

l.  Failing to treat its stairways, and adjacent areas to prevent them from becoming unreasonable slippery, and/or to prevent their carpets/rugs from becoming unreasonably water lodged, wet, deformed, warped, uneven, slippery, distorted, bunched up, and/or separated, or otherwise unreasonably dangerous; and/or

m.  Failing to comply with applicable industry standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

n.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

o.  Failing to properly and safely instruct passengers traversing the subject area of the risks involved; and/or

p.  Failing to properly and adequately supervise the passengers traversing the subject area; and/or

q.  Failing to take proper precautions for the safety of passengers when encouraging passengers to traverse the subject area; and/or

r.  Failing to promulgate and/or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing the subject area; and/or

s.  Failing to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising the subject area; and/or

t.  Failing to take/engage proper and reasonable safeguards to prevent passengers from being injured while traversing the subject area; and/or

u.  Failing to adequately warn passengers of the dangers of traversing wet and/or slippery surfaces and/or stairs; and/or

v.  Failing to adequately train its employees/agents whose duty it was to warn passengers traversing the subject area of the dangers and risks associated with the use of the subject area; and/or

w.  Failing to adequately convey to passengers the risk of serious injury from traversing the subject area; and/or

x.  Failing to prevent unreasonable noise in the subject area; and/or

y.  Failure to adequately inspect and/or maintain the subject area, so as to ensure that the subject area was reasonably safe for passengers to use; and/or

z.  Failing to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance to identify and/or warn passengers of the risk-creating condition in the subject area; and/or

aa. Failing to control the number of guests in the subject area and the wetness of the guests in the subject area; and/or

bb. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery;

18.  Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

19.  Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

20.  As a result of Defendant's negligence, Plaintiff suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, a lost job opportunity that Plaintiff would have otherwise been able to obtain, and loss of future earning capacity.

21.  The losses are either permanent or continuing in nature.

22.  Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ASHLEY HODSON, demands judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that

Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, a lost job opportunity that Plaintiff would have otherwise been able to obtain, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**COUNT II**
**VICARIOUS LIABILITY AGAINST DEFENDANT**
**FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 12 and further alleges:

23.    Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

24.    Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

25.    At all times material, the ship's medical staff (including its physicians and nurses), and the ship's crew, were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

26.    Defendant is estopped to deny that the ship's medical staff (including its physicians and nurses), and the ship's crew, were its agents and/or employees and/or servants.

27.  Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

28.  Defendant created, owned, directly provided, and operated, the medical center to be used by the ship's medical personnel and passengers.

29.  Defendant pays to stock the medical center with all supplies, medical machinery, various medicines, and equipment to be used therein, regularly stocking and restocking same.

30.  Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

31.  Defendant's marketing materials described the infirmary in proprietary language.

32.  The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination, or other discipline, by Defendant.

33.  Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

34.  Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries.

35.  Furthermore, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate experience

in treating injuries such as the one Plaintiff suffered.

36. Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, also breached its duties and was negligent by failing to adequately supply and equip its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

37. Moreover, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

38. Additionally, at all times material hereto, Defendant, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows:

   a. Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

   b. Failing to adequately wrap Plaintiff's injuries;

   c. Failing to adequately remedy the inadequate wrapping of Plaintiff's injuries;

   d. Failing to adequately address Plaintiff's wrapping becoming wet;

   e. Failing to timely and properly diagnose and/or assess Plaintiff's medical condition;

   f. Failing to timely give Plaintiff adequate pain medicine;

   g. Failing to properly administer and/or continue to administer medicine and/or treatment for blood clots;

h.  Failing to attend to the Plaintiff and Plaintiff's injuries;

i.  Failing to provide reasonable medical care;

j.  Failing to properly treat and care for the Plaintiff;

k.  Failing to properly examine the Plaintiff's injuries;

l.  Failing to timely provide an adequate wheelchair;

m.  Failing to timely provide an adequate a handicap room;

n.  Failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

o.  Failing to give Plaintiff proper discharge instructions.

39.  Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of employment and/or agency.

40.  Defendant is therefore vicariously liable for all injuries and damages sustained by Plaintiff as a result of the negligence of the ship's medical staff (including its physicians and nurses), and the ship's crew.

41.  At all times material hereto, the aforementioned acts or omissions on the part of the Defendant's ship's medical staff (including its physicians and nurses), and the ship's crew, fell below the standard of care.

42.  The negligence of Defendant's ship's medical staff (including its physicians and nurses), and the ship's crew, proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

43.   Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of medical care.

44.   As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings, a lost job opportunity that Plaintiff would have otherwise been able to obtain, and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III
## APPARENT AGENCY AS TO DEFENDANT
## FOR THE ACTS OF THE SHIP'S MEDICAL STAFF

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 12 and further alleges:

45.   At all times material hereto, the ship's medical staff were represented to the Plaintiff and the ship's passengers as employees and/or agents and/or servants of Defendant, in that:

a.   The medical staff wore a ship's uniform;

b.   The medical staff ate with the ship's crew;

c.   The medical staff was under the commands of the ship's officers;

d.   The medical staff worked in the ship's medical department;

e.   The medical staff was paid a salary by Defendant;

f.   The medical staff worked aboard the vessel;

g.   The medical staff spoke to the Plaintiff as though they had authority to do so by Defendant.

46.   At no time did Defendant represent to the Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the vessel's medical staff were not agents or employees of Defendant.

47.   At all material times, Plaintiff reasonably relied on the representations to Plaintiff's detriment that the medical staff were employees, and/or agents, and/or servants of Defendant.

48.   It was reasonable to believe that the medical staff were Defendant's agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by Defendant.

49.   This reasonable reliance was detrimental because it delayed Plaintiff from receiving proper medical treatment and/or Plaintiff would not have gone on the subject cruise with Defendant had Plaintiff known that the medical staff on the ship were not Defendant's agents.

50.   Defendant is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

51.   Defendant had a duty to provide Plaintiff with reasonable care under the circumstances and through the acts of its apparent agent breached its duty to provide Plaintiff with reasonable care under the circumstances.

52.   Plaintiff's injuries were accelerated due to the fault and/or negligence of Defendant

through the acts of its apparent agents as follows:

    a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

    b.  Failing to adequately wrap Plaintiff's injuries;

    c.  Failing to adequately remedy the inadequate wrapping of Plaintiff's injuries;

    d.  Failing to adequately address Plaintiff's wrapping becoming wet;

    e.  Failing to timely and properly diagnose and/or assess Plaintiff's medical condition;

    f.  Failing to timely give Plaintiff adequate pain medicine;

    g.  Failing to properly administer and/or continue to administer medicine and/or treatment for blood clots;

    h.  Failing to attend to the Plaintiff and Plaintiff's injuries;

    i.  Failing to provide reasonable medical care;

    j.  Failing to properly treat and care for the Plaintiff;

    k.  Failing to properly examine the Plaintiff's injuries;

    l.  Failing to timely provide an adequate wheelchair;

    m.  Failing to timely provide an adequate a handicap room;

    n.  Failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

    o.  Failing to give Plaintiff proper discharge instructions.

53.   As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability,

disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings, a lost job opportunity that Plaintiff would have otherwise been able to obtain, and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT IV
### ASSUMPTION OF DUTY AS TO DEFENDANT
### NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 12 and further alleges:

54.   Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

55.   Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

56.   Defendant elected to discharge this duty by having Plaintiff seen by its own ship's physicians and/or other crew members.

57.   As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical services to the Plaintiff.

58.   Defendant breached its duties, and was negligent by failing to adequately examine, diagnose, and/or treat Plaintiff's injuries.

59.   Furthermore, Defendant breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

60.   Defendant also breached its duties and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

61.   Defendant breached its duties and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

62.   Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows:

   a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention;

   b.  Failing to adequately wrap Plaintiff's injuries;

   c.  Failing to adequately remedy the inadequate wrapping of Plaintiff's injuries;

   d.  Failing to adequately address Plaintiff's wrapping becoming wet;

   e.  Failing to timely and properly diagnose and/or assess Plaintiff's medical condition;

   f.  Failing to timely give Plaintiff adequate pain medicine;

   g.  Failing to properly administer and/or continue to administer medicine and/or treatment for blood clots;

   h.  Failing to attend to the Plaintiff and Plaintiff's injuries;

   i.  Failing to provide reasonable medical care;

j.   Failing to properly treat and care for the Plaintiff;

k.   Failing to properly examine the Plaintiff's injuries;

l.   Failing to timely provide an adequate wheelchair;

m.   Failing to timely provide an adequate a handicap room;

n.   Failing to take proper measures to secure adequate treatment for Plaintiff, including unreasonably delaying taking measures to secure such adequate treatment; and/or

o.   Failing to give Plaintiff proper discharge instructions.

63.   At all times material hereto, the aforementioned acts or omissions on the part of Defendant fell below the standard of care.

64.   Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

65.   Defendant, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

66.   As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremity, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings, a lost job opportunity that Plaintiff would have otherwise been able to obtain, and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the

benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY HODSON, demands trial by jury on all issues so triable.

**Dated:** June 15, 2020.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***