UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22463-FAM

ASHLEY HODSON,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO HER FIRST INTERROGATORIES AND HER FIRST REQUESTS FOR PRODUCTION**

Plaintiff, ASHLEY HODSON, by and through undersigned counsel, respectfully moves the Court to Compel Better Answers to Plaintiff's First Interrogatories and Better Responses to Plaintiff's First Requests for Production identified below. In support of Plaintiff's motion, Plaintiff states as follows:

**I.    Defendant's Deficient Response as to Plaintiff's Interrogatory Number 8.**

**Interrogatory Number 8**:
For a time period beginning five (5) years prior to the date of the Plaintiff's incident, and one (1) year subsequent, identify and describe all incidents, complaints of incidents, records of incidents, claims of incidents, or recollections of incidents similar to the Plaintiff's incident, i.e. slips and falls of passengers, crew members or other persons on the subject stairs and/or other stairs with substantially-similar flooring on the MSC Seaside and its sister ships. Additionally, please provide contact information (phone number, email, physical address) for the individuals identified.

RESPONSE: Per the agreement of counsel for both Parties, Defendant responds as to slip and falls due to water on the nosing of the stairs in the subject area of the MSC Seaside and her sister ships for three years prior to Plaintiff's alleged incident:

On July 12, 2018 at approximately 12:10 a.m., a passenger allegedly slipped on the "wet medal [sic] part of stairs" going down to Deck 15 aboard the Seaside. The passenger did not indicate the nature or source of the substance that allegedly caused the area to be "wet." He did not report the alleged incident until July 13 so MSC was unable to conduct a proper investigation.

> <u>Notwithstanding Defendant's response, Defendant objects that this Interrogatory is overbroad as to time and scope, unduly burdensome, encompasses potential incidents that are not relevant to any party's claim or defense, and is disproportionate to the needs of the case. Requesting Defendant search vessels other than Seaside is so overbroad that it renders the request irrelevant to any party's claim or defense and would be disproportional to the needs of the case. Different vessels have differing designs and configurations, are exposed to different climates and conditions, and are differing ages. Ships other than the subject vessel are therefore not substantially similar to the vessel in question and irrelevant to any party's claim or defense. The Interrogatory is overbroad as to time, as five years is overbroad and the Interrogatory continues into the future. Incidents after Plaintiff's alleged incident are irrelevant to this lawsuit. Furthermore, this Interrogatory is ambiguous as to the physical scope requested. In addition, this Interrogatory encompasses potential incidents that are not relevant to any party's claim or defense. The request includes every incident regardless of the mechanism of the incident. Plaintiff alleged that she fell because of a deformed carpet on the steps between deck 17 and 16, but the request encompasses any trip and fall regardless of similarity to Plaintiff's incident. Defendant also objects to providing the name and contact information of other passengers as it violates U.S. and international privacy laws, including the Health Insurance Portability and Accountability Act and Florida State Laws.</u>

See Exhibit 1 at pp. 4-5. As an initial matter, Defendant's recitation of the parties' discovery agreement is not correct, and Plaintiff in fact sent an email memorizing the parties' agreement, which contained the following memorialization,

> You agreed to provide all prior incidents involving the subject stairs from the Seaside in the 3 years prior to the incident. You also advised that the ship might only be about 3 years old anyway so 5 years might not be necessary for that reason. After we receive these priors, we can see if we need to discuss the further scope requested after that. You will also ask about the 6 months subsequent request since this is relevant to whether the condition is open and obvious. However, please note that we believe we are entitled to all similar stairways on Defendant's ships, which are typically on any sister ships, and the Judges almost always grant this to Plaintiffs, do you agree to providing all similar stairs as well? If so that will maximize our chances of resolving this without the need of a discovery hearing.

After Defendant served the supplemental answer outlined above, the parties discussed this discrepancy, but Defendant maintains its position that Plaintiff is only entitled priors on the nosing of the stairs, rather than any other slips and/or trips and falls on the subject staircase or substantially similar staircases on other ships in Defendant's fleet (typically such substantially similar designs are found on sister ships, but are sometimes found on other ships as well). The

reason why Plaintiff seeks all such falls on the same or similar staircases is that the cruise lines do not always categorize by mechanism of fall, or provide (or investigate) the details of the falls such as whether they involved the metal nosing or even wet conditions, and Plaintiff respectfully submits that she is entitled to review the facts of such prior incidents and to reach out to the person who had the prior incident to find these details out herself if necessary.

Evidence of prior, similar enough incidents/complaints is discoverable. See, e.g., Ree v. Royal Caribbean Cruises Ltd., 315 F.R.D. 682, 686 (S.D. Fla. 2016) (also finding that the standard for determining the scope of permissible discovery is not necessarily the same as for the scope of admissibility). In this regard, five (5) years of prior similar incidents/complaints fleet-wide is not overbroad or unduly burdensome. See, e.g., Berner v. Carnival Corp., No. 08-22569-CIV, 2009 WL 982621, at *1 (S.D. Fla. Apr. 10, 2009); see also *Fisher v. Bumbo Int'l Tr.*, No. 1:14-CV-22209-UU, 2014 WL 12042519, at *6 (S.D. Fla. Aug. 27, 2014) (finding a scope of discovery beyond three years to be proper).

Furthermore, aside from the scope of the prior incidents, Plaintiff is entitled to the contact information for both the prior incident produced, as well as any other prior incidents this Honorable Court finds that Plaintiff is entitled to. See Transcript from Discovery Hearing in Lebron v. Royal Caribbean Cruises, Ltd., Exhibit 2 at 22:1-10 ("THE COURT: Okay. Well, the first thing that I want to do on this is, **I want to know why you gave physical addresses and not e-mails and phone numbers**. I am troubled by that and I am troubled by the fact that you said you sent the request to my client and this is what they sent back. **I clearly required contact information**. And you know, maybe I didn't specifically said all contact information, but **I think it is implicit that if you have easily accessible contact information that it should be provided**.") (emphasis added). As such, Plaintiff respectfully submits that Defendant does not have a valid objection to withholding at least all prior incidents of slips and/or trips and falls on the subject stairs or any substantially similar stairs on its other ships, and Plaintiff is entitled to at least 3 years of such prior incidents (although Plaintiff respectfully submits that five years is appropriate given that Defendant's search so far has only uncovered one prior incident, given the importance of such prior incidents in proving notice), and Plaintiff submits that six months of subsequent complaints is also relevant to show that the subject conditions she encountered were not open and obvious to other passengers even after her incident.

II. **Defendant's Deficient Responses as to Plaintiff's Requests for Production.**

> **Request for Production Number 8**:
> Any and all "statements" of all parties to this suit, their agents and employees, and independent witnesses which relate to or concern Plaintiff, Plaintiff's accident, Plaintiff's injuries, Plaintiff's medical treatment and/or Defendant's affirmative defenses.
>
> RESPONSE: Defendant responds only as to non-privileged documents: see documents produced.
>
> Notwithstanding Defendant's response, Defendant objects that as drafted this requests a document covered by the attorney-client privilege and work product doctrine. Safety Officer Marcello Ercolano completed an incident report in anticipation of litigation on September 1, 2019. The report on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department and its defense counsel are the custodians of this report. A Privilege Log is being provided.

See Exhibit 3 at pp. 3-4. As this Honorable Court held in *Johnson v. Carnival Corp.*, No. 19-CV-23167, 2020 WL 5653818 (S.D. Fla. Sept. 23, 2020), aff'd, No. 19-CV-23167, 2020 WL 6544490 (S.D. Fla. Nov. 6, 2020),

> In fact, the court in *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 642 (S.D. Fla. 2011), a case on which Defendant heavily relies, indicates that **a straightforward recitation of objective facts about the circumstances surrounding an accident should not be protected by work product privilege**. Other courts have also found that such recitation of facts and circumstances of an accident in the injured party's own words are not protected by work product. In *Holbourn v. NCL (Bahamas) Ltd.*, No. 14-21887-CIV, 2014 WL 12600498, at *1 (S.D. Fla. Oct. 30, 2014), the court addressed the very same issue at hand and found that Passenger Injury Statements were not protected by work product privilege, and ordered the production of all Passenger Injury Statements that involved the same dangerous condition from the prior three years.").

*Johnson*, 2020 WL 5653818, at *1. Here, Plaintiff likewise seeks only such statements that provide "a straightforward recitation of objective facts about the circumstances surrounding" her incident, but Defendant nonetheless persists in withholding such statements despite the clear law of this Honorable Court. Plaintiff also, Defendant provides no description in either an affidavit or its privilege log sufficient for Plaintiff or this Honorable Court to evaluate its claim of privilege.

*See, e.g., International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del. 1974). As such, Plaintiff respectfully submits that she is entitled to these statements (or at least to the substance of these statements, for example, in interrogatory form). *See Alexander v. Carnival Corp.*, 238 F.R.D. 318, 320 (S.D. Fla. 2006) ("Further, Defendant has indicated that it does not object to providing 'essentially the same information' Plaintiff requests, but in interrogatory form. See DE 43 at 2 n. 2. The Court find that this is a reasonable result that will allow Plaintiff to obtain what she seeks without forcing Defendant to provide documents prepared primarily to aid possible future litigation.").

<u>**Request for Production Number 21**</u>:
<u>Any and all documents (including log entries) regarding passenger and crew complaints of dangerous risk-creating and/or hazardous conditions related to the subject area on the MSC Seaside or its sister ships for three (3) years prior and six (6) months subsequent where Plaintiff's accident occurred.</u>

<u>RESPONSE: Objection, this request is overbroad in scope as it encompasses documents that are not relevant to any party's claim or defense and disproportionate to the needs of the case. The request encompasses documents from every MSC vessel in the Seaside class, regardless of similarity to the circumstances of Plaintiff's alleged incident. As drafted, the request encompasses complaints that the carpet was ugly or that the handrail was sticky. None of those complaints are relevant to any party's claim or defense. Furthermore, this request is unduly burdensome and disproportionate to the needs of the case.</u>

<u>In addition, this request is overbroad in the time period requested. The request includes information after the date of Plaintiff's incident. This request is neither proportional to the needs of the case and any complaints after the alleged incident are irrelevant to the claims or defenses of either party.</u>

See Exhibit 3 at p. 6. Plaintiff notes that, in addition to requesting "complaints of **dangerous risk-creating and/or hazardous conditions** related to the subject area on the MSC Seaside or its sister ships" (emphasis added), this request also encompasses the passenger injury statements of any such responsive passenger who was injured, including the prior incident that was disclosed in response to Plaintiff's Interrogatory Number 8.

Evidence of prior, similar enough incidents/complaints is discoverable. See, e.g., Ree v. Royal Caribbean Cruises Ltd., 315 F.R.D. 682, 686 (S.D. Fla. 2016) (also finding that the standard for determining the scope of permissible discovery is not necessarily the same as for the scope of admissibility). In this regard, five (5) years of prior similar incidents/complaints fleet-wide is not overbroad or unduly burdensome. See, e.g., Berner v. Carnival Corp., No. 08-22569-

CIV, 2009 WL 982621, at *1 (S.D. Fla. Apr. 10, 2009); see also *Fisher v. Bumbo Int'l Tr.*, No. 1:14-CV-22209-UU, 2014 WL 12042519, at *6 (S.D. Fla. Aug. 27, 2014) (finding a scope of discovery beyond three years to be proper). As such, Plaintiff respectfully submits that Defendant does not have a valid objection to withholding at least all prior complaints of dangerous, risk-creating, and/or hazardous conditions on the subject stairs or any substantially similar stairs on its other ships, and Plaintiff submits that six months of subsequent complaints is also relevant to show that the subject conditions she encountered were not open and obvious to other passengers even after her incident.

Furthermore, Plaintiff's request for documents such as the passenger injury statements for such responsive complaints (including prior incidents) seek only such statements that provide "a straightforward recitation of objective facts about the circumstances surrounding" the incidents, but Defendant nonetheless persists in withholding such statements despite the clear law of this Honorable Court. Plaintiff also, Defendant provides no description in either an affidavit or its privilege log sufficient for Plaintiff or this Honorable Court to evaluate its claim of privilege. *See, e.g., International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D.Del. 1974). As such, Plaintiff respectfully submits that she is entitled to these statements (or at least to the substance of these statements, for example, in interrogatory form). *See Alexander v. Carnival Corp.*, 238 F.R.D. 318, 320 (S.D. Fla. 2006) ("Further, Defendant has indicated that it does not object to providing 'essentially the same information' Plaintiff requests, but in interrogatory form. See DE 43 at 2 n. 2. The Court find that this is a reasonable result that will allow Plaintiff to obtain what she seeks without forcing Defendant to provide documents prepared primarily to aid possible future litigation.").

**Request for Production Number 50**:
Any and all documents and/or materials, in effect on the date of the subject incident, used to train and/or evaluate crew members responsible for inspecting, repairing, replacing and/or maintaining the subject area in a reasonably safe condition, including, but not limited to, manuals, handbooks, company protocols, manufacturer policy recommendations, department regulations/guidelines, etc.

RESPONSE: See documents produced.

See Exhibit 3 at p. 10. Plaintiff appreciates that Defendant believes that all responsive documents have been produced, but Plaintiff was unable to get a conclusive answer from Defendant as to whether the relevant portions of the reference documents she highlighted in the policy

documents Defendant produced (and which are attached as Exhibit 4) were in fact in the policy documents produced, or whether they are in separate documents that are yet to be produced. To the extent the relevant portion of these reference documents have not yet been produced, Plaintiff respectfully submits that Defendant produce them so she can understand the policy documents Defendant produced to the same extent Defendant's counsel can.

## RULE 7.1 CERTIFICATION

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Plaintiff certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion, but has not been unable to do so.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue an order compelling Defendant to provide better answers to the interrogatories and better responses to the requests for production discussed in this motion, and to grant any other relief which it deems just and appropriate.

## SIGNATURE AND CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

Respectfully submitted,

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Tel:   (305) 441 - 0440
Fax:   (305) 441 - 0198

By:   */s/Matthias M. Hayashi, Esq.*
Spencer M. Aronfeld, Esq.
Florida Bar No.: 905161
Aronfeld@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar No.: 0115973
MHayashi@Aronfeld.com

**SERVICE LIST**

Jeffrey B. Maltzman, Esq.
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
steveh@maltzmanpartners.com
MALTZMAN & PARTNERS, P.A.
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Phone: 305-779-5665
Fax: 305-779-5664
Attorneys for Defendant