IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22463-FAM

ASHLEY HODSON,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INITIAL INTERROGATORIES

Defendant, MSC CRUISES, S.A. ("MSC" or "Defendant"), hereby serves its Supplemental Responses to Plaintiff's Initial Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Electronic Mail to all parties on the attached service list this 3rd day of December 2020.

Respectfully submitted,

MALTZMAN & PARTNERS, P.A.

By:    /s/ *Steve Holman*
    Jeffrey B. Maltzman, Esq.
    Florida Bar No. 48860
    jeffreym@maltzmanpartners.com
    Steve Holman, Esq.
    Florida Bar No. 547840
    steveh@maltzmanpartners.com
    55 Miracle Mile, Suite 300
    Coral Gables, FL 33134
    Tel: 305-779-5665

Fax: 305-779-5664
*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO.: 20-cv-22463-FAM**

| | |
|---|---|
| Spencer M. Aronfeld, Esq.<br>aronfeld@aronfeld.com<br>Abby Hernández Ivey, Esq.<br>aivey@aronfeld.com<br>abaez@aronfeld.com<br>Matthias M. Hayashi, Esq.<br>mhayashi@aronfeld.com<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, Penthouse<br>Coral Gables, FL 33134<br>Phone: 305-441-0440<br>Fax: 305-441-0198<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL 33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |

## SUPPLEMENTAL RESPONSES

2. List the full name, phone number, and physical address of each person(s) who has given a statement concerning any issue raised by the pleadings in this case.

**RESPONSE: Plaintiff provided a written statement to Safety Officer Marcello Ercolano, which has already been produced. Plaintiff presumably made an oral statement to the medical center staff.**

8. For a time period beginning five (5) years prior to the date of the Plaintiff's incident, and one (1) year subsequent, identify and describe all incidents, complaints of incidents, records of incidents, claims of incidents, or recollections of incidents similar to the Plaintiff's incident, i.e. slips and falls of passengers, crew members or other persons on the subject stairs and/or other stairs with substantially-similar flooring on the *MSC Seaside* and its sister ships. **Additionally, please provide contact information (phone number, e-mail, physical address) for the individuals identified.**

**RESPONSE: Per the agreement of counsel for both Parties, Defendant responds as to slip and falls due to water on the nosing of the stairs in the subject area of the *MSC Seaside* and her sister ships for three years prior to Plaintiff's alleged incident:**

**On July 12, 2018 at approximately 12:10 a.m., a passenger allegedly slipped on the "wet medal [sic] part of stairs" going down to Deck 15 aboard the *Seaside*. The passenger did not indicate the nature or source of the substance that allegedly caused the area to be "wet." He did not report the alleged incident until July 13 so MSC was unable to conduct a proper investigation.**

**Notwithstanding Defendant's response, Defendant objects that this Interrogatory is overbroad as to time and scope, unduly burdensome, encompasses potential incidents that are not relevant to any party's claim or defense, and is disproportionate to the needs of the case. Requesting Defendant search vessels other than *Seaside* is so overbroad that it renders the request irrelevant to any party's claim or defense and would be disproportional to the needs of the case. Different vessels have differing designs and configurations, are exposed to different climates and conditions, and are differing ages. Ships other than the subject vessel are therefore not substantially similar to the vessel in question and irrelevant to any party's claim or defense. The Interrogatory is overbroad as to time, as five years is overbroad and the Interrogatory continues into the future. Incidents after Plaintiff's alleged incident are irrelevant to this lawsuit. Furthermore, this Interrogatory is ambiguous as to the physical scope requested. In addition, this Interrogatory encompasses potential incidents that are not relevant to any party's claim or defense. The request includes every incident regardless of the mechanism of the incident. Plaintiff alleged that she fell because of a deformed carpet on the steps between deck 17 and 16, but the request encompasses any trip and fall regardless of similarity to Plaintiff's incident. Defendant also objects to providing the name and contact**

**information of other passengers as it violates U.S. and international privacy laws, including the Health Insurance Portability and Accountability Act and Florida State Laws.**

9. For a time period beginning five (5) years prior to the date of the Plaintiff's incident, and one (1) year subsequent, identify and describe all incidents, complaints of incidents, records of incidents, claims of incidents, or recollections of incidents similar to the Plaintiff's incident, i.e. slips and falls of passengers, crew members or other persons injured on the subject stairs and/or other stairs with substantially-similar flooring on any cruise ship in Defendant's fleet. **Additionally, please provide contact information (phone number, e-mail, physical address) for the individuals identified.**

**RESPONSE: Per the agreement of counsel for both Parties, Defendant responds as to slip and falls due to water on the nosing of the stairs in the subject area of the *MSC Seaside* and her sister ships for three years prior to Plaintiff's alleged incident:**

**On July 12, 2018 at approximately 12:10 a.m., a passenger allegedly slipped on the "wet medal [sic] part of stairs" going down to Deck 15 aboard the *Seaside*. The passenger did not indicate the nature or source of the substance that allegedly caused the area to be "wet." He did not report the alleged incident until July 13 so MSC was unable to conduct a proper investigation.**

**Notwithstanding Defendant's response, Defendant objects that this Interrogatory is overbroad as to time and scope, unduly burdensome, encompasses potential incidents that are not relevant to any party's claim or defense, and is disproportionate to the needs of the case. Requesting Defendant search every vessel fleetwide is so overbroad that it renders the request irrelevant to any party's claim or defense and would be disproportional to the needs of the case. Different vessels in MSC's fleet have differing designs and configurations, are exposed to different climates and conditions, and are differing ages. They are built by different ship builders in different countries. Ships other than the subject vessel are therefore not substantially similar to the vessel in question and irrelevant to any party's claim or defense. The Interrogatory is overbroad as to time, as five years is overbroad and the Interrogatory continues into the future. Incidents after Plaintiff's alleged incident are irrelevant to this lawsuit. Furthermore, this Interrogatory is ambiguous as to the physical scope requested. In addition, this Interrogatory encompasses potential incidents that are not relevant to any party's claim or defense. The request includes every trip and fall incident regardless of the mechanism of the incident. Plaintiff alleged that she fell because of a deformed carpet on the steps between deck 17 and 16, but the request encompasses any trip and fall regardless of similarity to Plaintiff's incident. Defendant also objects to providing the name and contact information of other passengers as it violates U.S. and international privacy laws, including the Health Insurance Portability and Accountability Act and Florida State Laws.**

10. For the date of the accident, provide any and all slip and fall or trip and fall accidents which happened on that day, involving the subject area and/or or other stairs with substantially similar flooring on the *MSC Seaside*. **Additionally, please provide contact information (phone number, e-mail, physical address) for the individuals identified.**

**RESPONSE:** **None.**

16. Please name and/or type of material which makes up the flooring and/or floor covering in the subject area.

**RESPONSE:** **The carpeting of the subject stairs is Dansk Wilton Plain Carpet in Col. 104 (aubergine).**