IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22463-FAM

ASHLEY HODSON,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, MSC CRUISES, S.A. ("MSC" or "Defendant"), hereby serves its Responses to Plaintiff's First Request for Production.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Electronic Mail to all parties on the attached service list this 2nd day of November 2020.

    Respectfully submitted,

    MALTZMAN & PARTNERS, P.A.

By:    /s/ *Steve Holman*
    Jeffrey B. Maltzman, Esq.
    Florida Bar No. 48860
    jeffreym@maltzmanpartners.com
    Steve Holman, Esq.
    Florida Bar No. 547840
    steveh@maltzmanpartners.com
    55 Miracle Mile, Suite 300

Coral Gables, FL  33134
Tel: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO.: 20-cv-22463-FAM**

| | |
|---|---|
| Spencer M. Aronfeld, Esq.<br>aronfeld@aronfeld.com<br>Abby Hernández Ivey, Esq.<br>aivey@aronfeld.com<br>abaez@aronfeld.com<br>Matthias M. Hayashi, Esq.<br>mhayashi@aronfeld.com<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, Penthouse<br>Coral Gables, FL 33134<br>Phone: 305-441-0440<br>Fax: 305-441-0198<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |

## RESPONSES

1. Any and all reports prepared and/or maintained by you in the ordinary course of business regarding the Plaintiff's accident, including the ships' log, maintenance and/or inspection logs, and/or security officer watch report covering the shift during which Plaintiff's accident occurred.

**RESPONSE:** *See* **documents produced.**

2. Any and all unedited copies of any video, and/or CCTV footage, of the Plaintiff during the entire cruise, including footage of the subject incident.

**RESPONSE: None.**

3. Any and all CCTV footage from the ship's medical infirmary from the date of Plaintiff's incident, and any other times/dates she presented to the medical center for treatment during the course of the voyage.

**RESPONSE: None.**

4. Any and all photographs and/or maps reflecting Plaintiff, Plaintiff's accident, the scene of Plaintiff's accident, and/or Plaintiff's damages or injuries.

**RESPONSE:** *See* **documents produced. Additionally, Defendant is in possession of medical records produced by Plaintiff, which are already in Plaintiff's possession.**

5. Any and all photographs of the subject area as it existed at or around the time of the subject incident.

**RESPONSE: None. Defendant is in possession of photographs produced by Plaintiff, which are already in Plaintiff's possession.**

6. Any and all photographs and/or videos of the subject area as it exists currently on the vessel.

**RESPONSE: None.**

7. Any and all safety videotapes that are provided to passengers in their cabins at the beginning of their voyage.

**RESPONSE:** *See* **documents produced.**

8. Any and all "statements" of all parties to this suit, their agents and employees, and independent witnesses which relate to or concern Plaintiff, Plaintiff's accident, Plaintiff's

injuries, Plaintiff's medical treatment and/or Defendant's affirmative defenses.

**RESPONSE: Defendant responds only as to non-privileged documents:** *see* **documents produced.**

**Notwithstanding Defendant's response, Defendant objects that as drafted this requests a document covered by the attorney-client privilege and work product doctrine. Safety Officer Marcello Ercolano completed an incident report in anticipation of litigation on September 1, 2019. The report on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department and its defense counsel are the custodians of this report. A Privilege Log is being provided.**

9. Any and all statements given by (or taken of) the Plaintiff in Defendant's possession, custody or control.

**RESPONSE:** *See* **documents produced.**

10. Any and all internal and external correspondence, email, or data in electronic form between guest services, medical staff, crewmembers, and staff captain regarding or referencing Plaintiff's incident, or otherwise mentioning or referring to Plaintiff.

**RESPONSE:** *See* **documents produced.**

11. Any and all medical records (including medical center logs, and x-ray files) related to Plaintiff's medical treatment.

**RESPONSE:** *See* **documents produced. Additionally, Defendant is in possession of medical records produced by Plaintiff, which are already in Plaintiff's possession.**

12. Any and all copies of the "Daily Program" issued during the subject cruise.

**RESPONSE: Copies of the Daily Program from the subject cruise have been requested from the ship. To the extent that they still exist, Defendant will supplement this Response and produce same upon receipt.**

13. Any and all documents related to Defendant's documentation or processing of said incidents, events or activities; including, but not limited to: Safety Officer Reports, Ship Security Incident Report, Ship Security Incident Report Log, CCTV Camera Operational Acknowledgment Log, Daily Security Summary Watch Report, which relate to or concern substantially similar incidents: to wit, slips and falls of passengers, crew or other persons in the subject area three (3) years prior to the date of the Plaintiff's incident to the present, either on the same ship or on any ships in Defendant's fleet with similarly-styled decks.

**RESPONSE: This request is unintelligible as drafted; therefore Defendant cannot respond.**

14. Any and all documents related to Defendant's documentation or processing of said incidents, events or activities; including, but not limited to: Balance Score Card, Safety Officer Reports, Ship Security Incident Report, Ship Security Incident Report Log, CCTV Camera Operational Acknowledgment Log, Daily Security Summary Watch Report, which relate to or concern substantially similar incidents: to wit, slips and falls of passengers, crew or other persons injured on the subject stairs and/or other stairs with substantially-similar flooring for three (3) years prior to the date of the Plaintiff's incident to the present, either on the same ship or on any sister ships in Defendant's fleet.

**RESPONSE: This request is unintelligible as drafted; therefore Defendant cannot respond.**

15. Any and all shipboard minutes of meetings regarding policies and procedures on the MSC *Seaside* with respect to the subject area and/or stairs on the *MSC Seaside* for the period three (3) years prior to the subject incident and up through the date of the subject incident in this case.

**RESPONSE: None.**

16. Any and all shipboard minutes of meetings regarding slip and fall incidents on deck 16 of the MSC *Seaside* for a period three (3) years prior to the subject incident.

**RESPONSE: Defendant responds to meetings regarding slip and fall incidents on the subject stairs between decks 16 and 18: none.**

**Notwithstanding Defendant's response, Defendant objects that this request is irrelevant to the claims and defenses of either party. Plaintiff alleged that she slipped and fell *on the stairs* from deck 17 to deck 16 and that she slipped on the step. *See* First Amended Complaint [ECF No. 6] at ¶14. Therefore, information regarding slip and falls on deck 16 is irrelevant to the instant lawsuit. The request is overbroad, unduly burdensome, and disproportionate to the needs of the case.**

17. Any and all policies and/or procedures related to the proper inspection for the subject area where Plaintiff's accident occurred; including inspections for dangerous/risk-creating hazards in the area where Plaintiff's accident occurred.

**RESPONSE:** *See* **documents produced.**

18. Any and all policies and/or procedures related to the proper maintenance for the subject area where Plaintiff's accident occurred; including maintenance for dangerous/risk-creating hazards in the area where Plaintiff's accident occurred.

**RESPONSE:** *See* **documents produced.**

19. Any and all policies and/or procedures related to the proper repairs for the subject area where Plaintiff's accident occurred; including repairs for dangerous/risk-creating hazards in the area where Plaintiff's accident occurred.

**RESPONSE:** *See* **documents produced.**

20. Any and all policies and/or procedures related to the proper warning of dangerous conditions identified by Defendant where Plaintiff's incident occurred; including warnings for dangerous/risk-creating hazards in the area where Plaintiff's accident occurred.

**RESPONSE:** *See* **documents produced.**

21. Any and all documents (including log entries) regarding passenger and crew complaints of dangerous risk-creating and/or hazardous conditions related to the subject area on the MSC *Seaside* or its sister ships for three (3) years prior and six (6) months subsequent where Plaintiff's accident occurred.

**RESPONSE: Objection, this request is overbroad in scope as it encompasses documents that are not relevant to any party's claim or defense and disproportionate to the needs of the case. The request encompasses documents from every MSC vessel in the *Seaside* class, regardless of similarity to the circumstances of Plaintiff's alleged incident. As drafted, the request encompasses complaints that the carpet was ugly or that the handrail was sticky. None of those complaints are relevant to any party's claim or defense. Furthermore, this request is unduly burdensome and disproportionate to the needs of the case.**

**In addition, this request is overbroad in the time period requested. The request includes information after the date of Plaintiff's incident. This request is neither proportional to the needs of the case and any complaints after the alleged incident are irrelevant to the claims or defenses of either party.**

22. Any and all cause analyses concerning Plaintiff's accident.

**RESPONSE: None.**

23. The ship's deck log for the date of Plaintiff's accident.

**RESPONSE: Copies of the Bridge Log from the day of the alleged incident have been requested from the ship. Defendant will supplement this Response and produce same upon receipt.**

24. Any and all documents which reflect or concern any and all repairs, replacements, and/or alterations to the subject area where Plaintiff's accident occurred since the date of that

accident.

**RESPONSE: Objection, this request is overbroad in the time period requested. The request is limited to only information <u>after</u> the date of Plaintiff's incident. This request is neither proportional to the needs of the case and any complaints after the alleged incident are irrelevant to the claims or defenses of either party. Any repairs or maintenance made after the alleged incident would constitute inadmissible subsequent remedial measures.**

25. Any and all documents reflecting any inspections of the area where Plaintiff's accident occurred for the entire cruise on which Plaintiff's accident occurred.

**RESPONSE: None.**

26. All documentation generated for Plaintiff in relation to the voyage, including but not limited to sales summaries, sales receipts, cruise ticket contract, ID cards, etc.

**RESPONSE:** *See* **documents produced.**

27. Any and all reports or statements from any witness, whether a retained expert or otherwise, who will offer opinion testimony in this matter.

**RESPONSE: Defendant objects that this requests a document covered by the attorney-client privilege and work product doctrine. Safety Officer Marcello Ercolano completed an incident report in anticipation of litigation on September 1, 2019. The report on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department and its defense counsel are the custodians of this report. A Privilege Log is being provided.**

28. Each and every policy of insurance which may provide coverage for the claims made by the Plaintiff in this lawsuit ("Plaintiff's accident"), including all excess insurance policies, re-insurance policies, cover sheets, and endorsements.

**RESPONSE: MSC maintains protection and indemnity coverage with Steamship Mutual P&I Club, whose rules of entry can be found in Benedict on Admiralty, 7th and 8th Editions.**

29. Every employee manual, policy, procedure, written protocol and video for the training of Defendant's crew which relates to conducting inspections and/or maintenance of the location and surface where Plaintiff's accident occurred, and which was in effect on the date thereof.

**RESPONSE:** *See* **documents produced.**

30. Any and all documents pertaining to any calls or communications between the medical staff on the subject vessel to a specialist, surgeon, offshore clinic/medical establishment

or any other doctor/medical professional in connection with the treatment (or lack thereof) Plaintiff received aboard the subject vessel.

**RESPONSE: Copies of any such documents have been requested from the ship. To the extent they exist, Defendant will supplement this Response and produce same upon receipt.**

31. Any and all medical records referring to the Plaintiff in Defendant's possession, custody or control.

**RESPONSE:** *See* **documents produced. Additionally, Defendant is in possession of medical records produced by Plaintiff, which are already in Plaintiff's possession.**

32. Any and all documents pertaining to any recommended diagnosis and treatment plan for Plaintiff, and/or related to Plaintiff's medical treatment and/or incident, including any documents pertaining to council/medical advice provided to Plaintiff to help him make an informed decision about his care.

**RESPONSE:** *See* **documents produced. Additionally, Defendant is in possession of medical records produced by Plaintiff, which are already in Plaintiff's possession.**

33. Any and all documents pertaining to any discussions, conversations or consultations that may have occurred regarding the risks and benefits of the proposed treatment plan for Plaintiff.

**RESPONSE:** *See* **documents produced. Additionally, Defendant is in possession of medical records produced by Plaintiff, which are already in Plaintiff's possession.**

34. Any and all documentation identifying the specific crewmembers and personnel working in the subject vessel's deck department or housekeeping department responsible for inspection, maintaining, and repairing the subject area, including roster, timecards, punch-in/punch-out logs, or any similarly styled documents in defendant's possession.

**RESPONSE: None.**

35. Information and documents relating to the ship's position and position log.

**RESPONSE: Copies of the Bridge Log from the day of the alleged incident have been requested from the ship. Defendant will supplement this Response and produce same upon receipt.**

36. Documents pertaining to the facts alleged in Plaintiff's complaint, and any and all defenses asserted by the Defendant.

**RESPONSE:** *See* **documents produced.**

37. Any/and all USCG Report of Marine Incident or their international equivalents in relation to Plaintiff, and any other documentation relating thereto.

**RESPONSE:** **None.**

38. Defendant's policies and procedures for documenting passenger injury complaints in general, as well as specifically those made by the Plaintiff following reports of an injury.

**RESPONSE:** *See* **documents produced.**

39. Defendant's policies and procedures relating to preservation of all video and CCTV footage of incidents resulting in passenger personal injury; and Defendant's policies, procedures, and/or operational instructions regarding the handling and care thereof.

**RESPONSE:** *See* **documents produced.**

40. Any and all Reports of Marine Casualty, Commercial Diving Casualty, or OCS-Related Casualty that are related to Plaintiff's incident, and all information and documents relating thereto.

**RESPONSE:** **None.**

41. For a period beginning one (1) year prior to the date of the Plaintiff's incident to the present, information and documents reflecting and/or relating to the ship's staff and comprehensive list of duties and responsibilities including, but not limited to, each staff member in command of or responsible for monitoring and/or supervising the subject area where Plaintiff's incident occurred.

**RESPONSE:** *See* **documents produced.**

42. Any and all contracts between Defendant and the Plaintiff.

**RESPONSE:** **The ticket contract between Defendant and Plaintiff is equally available to Plaintiff.**

43. Any and all written correspondence between Defendant and the Plaintiff.

**RESPONSE:** **Any written correspondence between Defendant and Plaintiff is equally available to Plaintiff.**

44. Any and all ship's log entries, for the subject voyage, which refer to: (a) the Plaintiff; (b) the subject incident.

**RESPONSE:** **None.**

45. Any and all documents regarding the installation of the flooring located in the subject area on the subject vessel.

**RESPONSE: None.**

46. Any and all documents regarding any and all modifications of the subject area on the subject vessel.

**RESPONSE: None.**

47. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to warnings and/or instructions provided to passengers regarding the wet and/or slippery decks.

**RESPONSE:** *See* **documents produced.**

48. Any and all of Defendant's rules, regulations, policies and/or procedures, in effect at the time of the subject cruise, which pertain in any way to investigating incidents resulting in passenger personal injury (including but not limited to preserving evidence and/or taking photographs).

**RESPONSE:** *See* **documents produced.**

49. Any and all of Defendant's rules, regulations, policies and/or procedures referenced in Defendant's answers to Plaintiff's interrogatories.

**RESPONSE:** *See* **documents produced.**

50. Any and all documents and/or materials, in effect on the date of the subject incident, used to train and/or evaluate crew members responsible for inspecting, repairing, replacing and/or maintaining the subject area in a reasonably safe condition, including, but not limited to, manuals, handbooks, company protocols, manufacturer policy recommendations, department regulations/guidelines, etc.

**RESPONSE:** *See* **documents produced.**

51. Any and all inspection, repair, and/or maintenance personnel check-in/check-out sheets/logs for the subject area on the subject vessel for one year prior to the date of the subject incident through thirty (30) days following the subject incident.

**RESPONSE: None.**

52. Any and all documents regarding the maintenance, repair, inspection and/or cleaning of the subject area by entities and/or individuals, including but not limited to crewmembers, for the past three years prior to the date of the subject incident.

**RESPONSE: None.**

53. Any and all personnel files for the crewmember(s) responsible for maintaining, repairing, inspecting and/or cleaning the subject area during the subject cruise.

**RESPONSE: It is no longer known who was responsible for maintaining, repairing, inspecting, or cleaning the subject area during the subject cruise. Therefore, none.**

54. Any and all documents regarding the verification of qualifications by, or at the direction of, Defendant of the crewmember(s) responsible for maintaining, repairing, inspecting and/or cleaning the subject area during the subject cruise.

**RESPONSE:** *See* **documents produced.**

55. Any and all documents regarding the verification of qualifications by, or at the direction of, Defendant of the crewmember(s) responsible for instructing, overseeing, and/or supervising passengers traversing the subject area at the time of the subject incident.

**RESPONSE: None.**