UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22463-FAM

ASHLEY HODSON,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Plaintiff, ASHLEY HODSON, by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 56(a), hereby responds to Defendant, ROYAL CARIBBEAN CRUISES, LTD.'s Statement of Facts in Support of its Motion for Summary Judgment against. In support of her response, Plaintiff states as follows:

**Plaintiff's Response to Defendant's Statement of "Facts"**

1. Defendant's Statement of "Fact": "On September 1, 2019, Plaintiff was a fare paying passenger aboard the MSC Seaside. (Amended Complaint, ECF No. 6, at ¶ 13)."

   **Plaintiff's Position: Admitted**.

2. Defendant's Statement of "Fact": "On September 1, 2019, Plaintiff slipped and fell on the wet nosing of a step in a stairwell coming from the pool deck. (Deposition of Ashley Hodson attached hereto as "Composite Exhibit A" at p. 49/lines 5-19; 55-56/lines 21-25 and 1-3)."

   **Plaintiff's Position: Admitted**.

3. Defendant's Statement of "Fact": "Plaintiff notice water on the subject steps before she fell. Id. at pp. 58/lines 1-14. Plaintiff had not been down these particular steps before she fell. (Id. at p. 48/lines 2-17).

   **Plaintiff's Position: Denied that Plaintiff noticed water on the precise step she fell on before she fell. The following is from Plaintiff's deposition transcript:**

   Q. Do you know what caused you to slip?
   A. There was a slippery substance on the stairs.

> **Q. Do you know what it was?**
> **A. I believe it was the water from the pool areas and from the wet bathing suits and all the people running around with the bare feet, tracking all the water from the pool.**
> **Q. So you could see people had bathing suits when you were walking down the steps, you saw people -- were people in bathing suits walking up the steps?**
> **A. Yes.**
> **Q. And they were dripping water all over?**
> **A. Yes. And we saw the water as we were heading to the pool area through the pool area to the steps, we saw water and we also saw water being tracked in and out of the arcade area right by the steps.**
> **Q. And I don't mean this to sound sarcastic, but it's going to come off that way. Well, if you saw that the steps [(Not <u>the</u> exact step she slipped on)] were wet and people were dripping water, there are other ways to get down to the pool; is there a reason you didn't take another -- another route?**
> **A. <u>We were actually told that you had to take the stairs to get to that particular pool area. Otherwise we would have taken an elevator in the first place</u>.**
> **[DE 25-1 at 49:7-50:10].**

**Admitted that Plaintiff had not been down these particular steps before she fell**.

4. Defendant's Statement of "Fact": "Before she fell, Plaintiff saw passengers traversing the same staircase at the same time who were dripping water on the stairs from wet bathing suits. (Id.)"

   **Plaintiff's Position: Denied that Plaintiff saw water on the specific step she slipped on before her fell. Plaintiff incorporates her response to Defendant's statement of "fact" number three into her answer herein as well, particularly that "[w]e were actually told that you had to take the stairs to get to that particular pool area. Otherwise we would have taken an elevator in the first place." [DE 25-1 at 49:7-50:10]**.

5. Defendant's Statement of "Fact": "Plaintiff did not know how long the water had been on the step. (Id. at pgs. 58-59/lines 9-25 and 1-12)."

   **Plaintiff's Position: Denied. The citation Defendant provides shows the opposite, namely that Plaintiff noticed that water that was being tracked in by the passengers in bathing suits had been pooling into puddles on the subject stairs, and those puddles "<u>looked like they had been there for quite awhile</u>." [DE 25-1 at 59:3-4]. Furthermore, Plaintiff testified that, after her incident, when her boyfriend at the time "went to go see seek help and he finally was able to track someone down, he explained where I was located and what had happened and <u>the crew member had told him, specifically, that this is something that has happened before. These stairs tend to be a problem. There's always problems on these stairs with people getting hurt</u>." [DE 25-1 at 68:6-12]**.

6. Defendant's Statement of "Fact": "There have been no prior substantially similar prior incidents involving passengers slipping on pool water on a step nosing either on the Seaside or its sister ship the Seaview. (Deposition of Defendant's Corporate Representative, Jeff Ramos, attached as "Composite Exhibit B", at pages 23-24/lines 18-25 and 1-5)."

   **Plaintiff's Position: Denied. According to Defendant's Answers to Plaintiff's Interrogatories, see attached as Exhibit 1 at p. 3, ¶. 8, "Defendant responds as to <u>slip and falls due to water on the nosing of the stairs in the subject area of the MSC Seaside</u> and her sister ships for three years prior to Plaintiff's alleged incident: <u>On July 12, 2018 at approximately 12:10 a.m., a passenger allegedly slipped on the "wet medal [sic] part of stairs" going down to Deck 15 aboard the Seaside</u>." Id. (emphasis added). Furthermore, when asked directly about this prior incident (which is clearly substantially similar on the face of the description), the following exchange took place between counsel for Plaintiff and Defendant's corporate representative:**

   **Q.· ·<u>Mr. Ramos, would you agree</u>, regardless of where Ms. Hodson may have fallen, starboard, port, deck 16, deck 18, <u>the prior event in July of 2018 is a substantially similar incident?</u>**
   **A.· ·<u>That is -- that is correct.</u>**
   **[DE 28-4 at 28:5-9]**.

7. Defendant's Statement of "Fact": "MSC did not build, design, install, or approve the subject step, aboard the MSC Seaside. (Id. at pg. 14/lines 22-25)."

   **Plaintiff's Position: Denied. Defendant can modify the design of the stairs and its steps, at least to some extent, if it so choses (for example, by placing or changing warning signs/stickers), so it therefore approves of the subject stairs' design by not modifying them. [DE 28-4 at 38:4-39:12]**.

**Plaintiff's Statement of Undisputed Material Facts**

8. Plaintiff testified that on the first full day of Plaintiff's cruise on the subject ship, "I left the cabin with Cameron (Plaintiff's boyfriend at the time) in the morning. We were planning to meet Ramon and Britney at the adult pool. They were there waiting for us. We walked over to the opposite side of the cruise. We walked through many different areas." See Deposition Transcript of Plaintiff, [DE 25-1 at 45:19-46:25].

9. Plaintiff testified that "One of the areas was a family pool area where there was a lot of commotion, a lot of traffic. Lots of energy. People are excited. First day of the cruise, children

running around, wet bathing suits, barefoot." [DE 25-1 at 47:1-5].

10. Plaintiff testified that then "We then popped into an arcade that was right next to the stairwell on the 18th floor and we were told that we had to go down a flight of stairs to get to the adult pool area." [DE 25-1 at 47:6-9].

11. Plaintiff testified that then "When we were in the arcade, we saw a lot of kids running in and out in their bathing suits, it was wet. Cameron was a couple of steps ahead of me. I was following him down the stairs and I was holding onto the railing, walking slowly down the steps and I was almost halfway down the stairs on the right-hand side, when all of a sudden, I felt immediately I slipped with my right foot. Felt myself get lifted up into the air quickly and then I came down on my right -- I'm sorry, on my left foot." [DE 25-1 at 47:10-20].

12. Plaintiff testified that "And at that point, I was on the ground on the opposite side of the steps towards the bottom and I started screaming. I was in pain immediately and then all chaos broke loose." [DE 25-1 at 47:21-24].

**WHEREFORE**, Plaintiff, ASHLEY HODSON, respectfully requests that this Honorable Court deny Defendant's motion in total, and for all other relief this Honorable Court deems just and appropriate.

(Space Intentionally Blank)

## CERTIFICATE OF SERVICE

We hereby certify that on January 11, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
**ARONFELD TRIAL LAWYERS**
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Tel: (305) 441- 0440
Fax: (305) 441 - 0198
Attorneys for Plaintiff

By: */s/ Matthias M. Hayashi, Esq.*
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com
Abby Hernández Ivey, Esq.
Florida Bar Number: 1002774
aivey@aronfeld.com

## SERVICE LIST

Jeffrey B. Maltzman, Esq.
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
steveh@maltzmanpartners.com
MALTZMAN & PARTNERS, P.A.
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Phone: 305-779-5665
Fax: 305-779-5664
Attorneys for Defendant